UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | EDTN Mag No. 1:16-MJ-174 |
| vs. ) | District of Vermont Case No. 1:02-cr-25 |
| ) | |
| DARRELL LAFLAM ) | Judge Steger |
| ) | |

## MEMORANDUM AND ORDER

Defendant Darrell LaFlam ("Defendant") came before the Court on August 1, 2016, in accordance with Rules 5, 5.1 and 32.1 of the Federal Rules of Criminal Procedure, on a Petition on Probation and Supervised Release (the "Petition") out of the District of Vermont.

After being sworn in due form of law, Defendant was informed or reminded of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined that Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Myrlene Marsa of Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant at the hearing.

Defendant was furnished with a copy of the Petition and confirmed that he had an opportunity to review the Petition with his attorney. The Court determined that Defendant was capable of being able to read and understand the Petition. At the Court's request, AUSA Perry Piper explained to Defendant the offenses detailed in the Petition. Defendant acknowledged that he understood the offenses with which he is charged in the Petition.

The Court provided a Waiver of Rule 32.1 Hearing form ("Waiver") to Defendant which explained Defendant's right to counsel; right to an identity hearing; right to copies of the judgment, warrant and warrant application; right to a preliminary hearing; and right to a detention hearing. The Court explained to Defendant that he had a right to transfer these proceedings to the prosecuting district, which, in this case, is the District of Vermont.

Following consultation with his counsel, Defendant agreed to waive an identity hearing, production of the judgment, warrant and warrant application, and a preliminary hearing, which he confirmed through his signature on the Waiver [Doc. 3]. The government made an oral motion that Defendant be detained without bond pending his revocation hearing in the District of Vermont. Defendant requested a detention hearing, which request the Court accommodated.

1

At the detention hearing, the government called Defendant's Probation Officer, Danny Haimelin, as a witness. PO Haimelin testified under oath that Defendant violated conditions of supervised release by (1) pleading guilty to two felony charges in Franklin County, Tennessee on March 1, 2016; (2) failing to report to his Probation Officer as directed; (3) failing to report his change of residence and change in employment to his Probation Officer; (4) associating with a convicted felon and persons engaged in criminal activity; (5) failing to make monthly restitution payments; and (6) failing to report for required drug testing. Defendant did not testify at the hearing, but, through counsel, proffered that he pleaded guilty to the state law felony charges in March 1, 2016, only to avoid a six month stay in a local jail while awaiting trial on the state charges. Defendant's counsel relayed Defendant's request that he be released from custody for a brief period of time so that he could sign his income tax return and claim a refund from the IRS.

Based on the evidence presented, the Court finds that Defendant has committed multiple violations of his conditions of supervised release, and that Defendant has not carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court GRANTED the Government's motion to detain Defendant pending his transport to the District of Vermont for a revocation hearing.

It is, therefore, ORDERED that:

1. The government's motion that Defendant be DETAINED WITHOUT BOND pending his revocation hearing before District Court Judge J. Garvan Murtha in the District of Vermont is **GRANTED**.

2. The U.S. Marshal shall transport Defendant to the United States District Court for the District of Vermont.

3. The Clerk of Court for the Eastern District of Tennessee shall promptly transmit all documents relating to this case to the Clerk of Court for the District of Vermont.

4. The Clerk of Court for the District of Vermont shall immediately notify the United States Attorney for such district of Defendant's arrival so that further proceedings may be promptly scheduled.

ENTER.

        s/*Christopher H. Steger*
        UNITED STATES MAGISTRATE JUDGE